UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GARRY WARREN,

Plaintiff,

v.

M. BRADT, Superintendent, Attica Correctional Facility, and M. ARTUS, Deputy Superintendent Of Administration,

Defendants.

**REPORT AND RECOMMENDATION**

13-CV-00120-WMS-JJM

This case has been referred to me by Hon. William M. Skretny for supervision of pretrial proceedings, including the preparation of a Report and Recommendation on dispositive motions [15].[1] Before me is defendants' motion for summary judgment [36]. Oral argument was held on January 7, 2016 [42]. For the following reasons, I recommend that the motion be granted.

**BACKGROUND**

Plaintiff, an inmate in the custody of the New York State Department of Correction and Community Supervision ("DOCCS") commenced this action *pro se* by Complaint filed on July 20, 2012 in the Northern District of New York [1].[2] His claims arising from his confinement at Attica Correctional Facility were severed from the Complaint and

1 Bracketed references are to the CM/ECF docket entries.

2 Although the Complaint shows that it was filed by the Clerk of the Northern District on August 23, 2012, the signed Complaint is dated July 20, 2012 [1]. "Under the 'prison mailbox rule,' the date of filing is deemed to be the date that the prisoner delivered his complaint to a prison guard for mailing to the court; absent other evidence, this is presumed to be the date that the complaint was signed." Russo v. Duprey, 2014 WL 948851, *2 n. 1 (N.D.N.Y. 2014). Since no evidence has been presented to me suggesting that the Complaint was delivered for mailing on any date other than date it was signed, I have used July 20, 2012 as the filing date.

transferred to this Court. *See* Judge McAvoy's February 5, 2013 Decision and Order [9], p. 23. Upon the court's review of the transferred claims, plaintiff's claims alleging violations of the American with Disabilities Act ("ADA"), his 42 U.S.C. §1983 claims against Superintendent Mark Bradt and Deputy Superintendent Michelle Artus in their official capacities, and his claims against Inmate Grievance Program Officer Janes were dismissed pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A. *See* Judge Geraci's September 3, 2013 Decision and Order [11], p. 8. The remaining defendants, Artus and Bradt, then successfully moved to dismiss plaintiff's Eighth Amendment claims arising from his allegations of deprivation of companionship and privileges. *See* August 18, 2014 Report and Recommendation [19], adopted by September 10, 2014 Text Order [20].

Plaintiff allegedly suffers from an unspecified "walking disability" which requires him to use crutches. Complaint [1], ¶¶1, 118. His remaining claims allege that upon his transfer to Attica on March 29, 2012 defendants were deliberately indifferent to his condition by placing him in various cells that required him to walk long distances, was locked in his cell nearly 24 hours a day for 90 days and was denied access to recreation during this period, and subsequently placed in keep-lock status for 45 days, during which he continued to be deprived of access to recreation (id., ¶¶99-119).

## ANALYSIS

### A. Summary Judgment Standard

"The standards governing summary judgment are well-settled. Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The party

seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant. Summary judgment is improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003).

**B. Should Defendants' Statement of Undisputed Facts be Deemed Admitted?**

Defendants argue that their Statement of Undisputed Facts [36-2] should be deemed admitted as a result of plaintiff's failure to controvert it. Defendants' Reply Memorandum of Law [41], pp. 2-4. L.R. Civ. P. ("Local Rule") 56(a)(2) requires that "papers opposing a motion for summary judgment shall include a response to . . . the moving party's statement [of undisputed facts]", and cautions that a failure to do so may result in "[e]ach numbered paragraph in the moving party's statement of material facts . . . be[ing] deemed admitted for purposes of the motion". The Notice to *Pro Se* Litigants Opposing Summary Judgment, affixed to defendants' motion for summary judgment, also cautioned plaintiff of the consequences of failing to respond to their Statement of Undisputed Facts. [36], p. 2 of 2.

As defendants note, neither the requirement of filing a statement of disputed facts nor the consequences of failing to do so are unfamiliar to plaintiff. Indeed, in the portion of this case that remained in the Northern District, the defendants' submissions were deemed admitted as a result of plaintiff's failure to comply with a similar local rule. *See* Warren v. Fischer, 12-cv-1318(TJM)(RFT) - July 28, 2014 Report and Recommendation [33], p. 5 of 23, adopted by September 22, 2014 Decision and Order [38].

"[A] district court has no duty to perform an independent review of the record to find proof of a factual dispute - even if that nonmoving party is proceeding *pro se*, and an individual's *pro se* status does not relieve him of the ramifications associated with the failure to comply with the court's local rules." Gray v. Lee, 2015 WL 1724573, *1 n. 3 (N.D.N.Y. 2015). Since plaintiff was duly warned about his obligations on summary judgment, but failed to fulfill them, I will deem the facts asserted in defendants' Statement of Undisputed Facts admitted for purposes of this motion where properly supported by admissible evidence.

**C. Defendants' Motion for Summary Judgment**

In support of their motion for summary judgment defendants initially argue that plaintiff's claims should be dismissed for failure to exhaust his administrative remedies. Defendants' Memorandum of Law [36-1], pp. 2-9. The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules as a precondition to filing a federal lawsuit." Espinal v. Goord, 558 F.3d 119, 124 (2d Cir. 2009). "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 95 (2006).

"To satisfy the exhaustion requirement set forth in the [PLRA], a New York State inmate is generally required to follow the grievance procedure prescribed in 7 N.Y.C.R.R.

§701.5. [Within twenty-one days of the relevant occurrence,] [t]he inmate must submit a grievance . . . to the Inmate Grievance Program ('IGP') supervisor. The grievance is then forwarded to the Inmate Grievance Resolution Committee ('IGRC'), which has sixteen days to resolve it informally or to conduct a hearing. If dissatisfied, the inmate may, within seven days after receipt of the IGRC's determination, appeal to the facility superintendent, who has twenty days to render a decision. The inmate then has another seven days after receiving the superintendent's decision to take the final step, an appeal to the Central Office Review Committee ('CORC'). All three steps of this grievance procedure must be completed before an inmate may commence suit in federal court." Seeley v. Boehlert, 2013 WL 4780908, *3 (W.D.N.Y. 2013) (Telesca, J.). "[A] claim may be exhausted when it is closely associated with, but not explicitly mentioned in, an exhausted grievance, as long as the claim was specifically addressed in the prison's denial of the grievance and, hence, was properly investigated." Percinthe v. Julien, 2009 WL 2223070, *4 (S.D.N.Y. 2009).

Plaintiff was familiar with the grievance process, having fully exhausted approximately six grievances prior to entering Attica and two after he commenced this action while housed in Attica. *See* Hale Declaration [36-5], ¶6; [36-5], p. 5 of 6; defendants' Statement of Undisputed Facts [36-2], ¶87. Although plaintiff alleged in the Complaint that he filed a grievance on April 22, 2012 which was returned to him on May 2, 2012 ([1], ¶¶111, 112), the undisputed evidence demonstrates that plaintiff filed two relevant grievances. Defendants' Statement of Undisputed Facts [36-2], ¶34. The first was filed on August 6, 2012, complaining that he was being denied "day room recreation at least 3 to 4 times a week". [36-6], p. 24 of 25. On August 8, 2012, he accepted an informal resolution of that grievance (id., p. 23 of 25).

The second grievance was dated February 14, 2013, alleging that he was locked in his cell for over 23 hours per day for four to five days per week and only allowed recreation two to three days per week depending on which officers were on duty. [36-5], p. 5 of 6; [36-4], pp. 17-18 of 39. Plaintiff exhausted that grievance, receiving a final decision from CORC on July 17, 2013. Romesser Declaration [36-6], ¶15.

As defendants argue, neither grievance suffices for exhaustion purposes since they were both filed *after* this action was filed in the Northern District of New York on July 20, 2012. Defendants' Statement of Undisputed Facts [36-2], ¶¶36, 38, 39; defendants' Memorandum of Law [36-1], pp. 8-9. "42 U.S.C. §1997e(a) 'requires exhaustion of available administrative remedies before inmate-plaintiffs may bring their federal claims to court at all.' Subsequent exhaustion after suit is filed therefore is insufficient." Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001), overruled on other grounds, Porter v. Nussle, 534 U.S. 516 (2002) (emphasis omitted). *See also* Cobbs v. Lamare, 2015 WL 2452323, *5-6 (N.D.N.Y. 2015).

Apart from their untimeliness, I also agree with defendants that both grievances complain about "different wrongs" from what is alleged in the Complaint. Defendants' Memorandum of Law [36-1], pp. 8-9. The first grievance addressed being deprived "day room recreation" three to four times a week, rather than the deprivation of all recreation for 90 and 45-day periods as alleged in the Complaint. In any event, even if plaintiff's first grievance was filed prior to the filing of the Complaint and complained of the same conduct as alleged in the Complaint, by accepting an informal resolution of that grievance without any appeal, plaintiff failed to fully exhaust that grievance. *See* Houston v. Horn, 2010 WL 1948612, *6 (S.D.N.Y. 2010) ("With respect to the . . . grievance, Houston accepted the Grievance Coordinator's informal resolution of this grievance . . . . If Houston was dissatisfied with the informal

resolution of this grievance, as he now claims he was, he could have requested a formal hearing before the IGRC and pursued his remaining administrative remedies under the IGRP. Houston did not. Accordingly . . . his claim is dismissed for failure to exhaust administrative remedies"). Likewise, the second grievance, which was filed on February 14, 2013 - nearly seven months after the Complaint was filed - plainly relates to conduct that occurred after the allegations of the Complaint, especially since DOCCS' regulations require grievances to be filed with 21 days of the alleged wrong. *See* 7 NYCRR §701.5(a)(1).

Notwithstanding plaintiff's failure to exhaust his administrative remedies, the Second Circuit has recognized that such failure can be excused when: 1) administrative remedies are not available to the prisoner; 2) defendants acted in such a manner that they are estopped from relying on the defense; or 3) special circumstances justify the prisoner's failure to comply with the exhaustion requirement. *See* Hemphill v. New York, 380 F.3d 680, 686-91 (2d Cir. 2004); Giano v. Goord, 380 F.3d 670, 675 (2d Cir. 2004). However, the Supreme Court recently rejected the "special circumstances" exception, concluding that "[t]he only limit to §1997e(a)'s mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'" Ross v. Blake, __ U.S.__, 136 S.Ct. 1850, 1862 (2016). *See also* Williams v. Priatno, 2016 WL 3729383, *4 (2d Cir. 2016) ("to the extent that our special circumstances exception established in [Giano and Hemphill], permits plaintiffs to file a lawsuit in federal court without first exhausting administrative remedies that were, in fact, available to them, those aspects of Giano and Hemphill are abrogated by Ross. Indeed, Ross largely supplants our Hemphill inquiry by framing the exception issue entirely within the context of whether administrative remedies were actually available to the aggrieved inmate"). An administrative remedy is not available when, *inter alia*, "prison administrators thwart inmates

from taking advantage of a grievance process through machination, misrepresentation, or intimidation". Ross, 136 S.Ct. at 1860.

Defendants raised exhaustion as an affirmative defense in their Answer to the Complaint. [22], ¶14, Sixth Defense. Yet, in his response to defendants' motion, plaintiff offers no explanation as to why, notwithstanding his familiarity with the grievance procedures, he failed to exhaust his administrative remedies or why the exhaustion requirement should be excused. Although much of plaintiff's opposition to defendants' motion centers on his allegation that upon his release from custody in June 2013 he was not permitted to take his materials related to this litigation and has been unable to retrieve these materials (plaintiff's response [38], pp. 1-2 of 8), he fails to explain how those materials would establish that he exhausted his administrative remedies or had an excuse for failing to do so.

For the first time at oral argument, plaintiff alleged that he did not file grievances because of fear of retaliation and instead wrote letters to the "higher ups".[3] "Normally, [the court] will not consider arguments raised for the first time . . . at . . . oral argument." United States v. Barnes, 158 F.3d 662, 672 (2d Cir. 1998). However, even if I were to accept these newly raised arguments, they are unavailing. "[P]laintiff's mere allegation of a generalized fear of retaliation is insufficient to excuse his failure to file a grievance concerning these matters". Brown v. Napoli, 687 F. Supp. 2d 295, 297 (W.D.N.Y. 2009) (Larimer, J.). Additionally, "[s]ending letters to persons outside the grievance process is insufficient to establish exhaustion because it is well settled that complaints and communications made outside of formal grievance procedures do not satisfy the PLRA's exhaustion requirement". Njasang Nji v. Heath, 2014 WL

---

3 This quotation is from an unofficial chambers transcription of the January 7, 2016 oral argument.

6433299, *4 (S.D.N.Y. 2014). Therefore, I conclude that plaintiff's failure to exhaust his claims cannot be excused, and recommend that defendants' motion be granted.[4]

## CONCLUSION

For these reasons, I recommend that defendants' motion for summary judgment [36] be granted. Unless otherwise ordered by Judge Skretny, any objections to this Report and Recommendation must be filed with the clerk of this court by August 22, 2016 (applying the time frames set forth in Fed. R. Civ. P. ("Rules") 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Skretny. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

---

[4] Based upon this recommendation, it is unnecessary for me to address defendants' remaining arguments.

Dated: August 3, 2016

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge